UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

HOMER HACKETT

VERSUS

V I P R E I L L C ET AL

CASE NO.  2:23-CV-00522

JUDGE JAMES D. CAIN, JR.

MAGISTRATE JUDGE KAY

## MEMORANDUM ORDER

Before the Court is "VIP REI, LLC and Sean Thompson's Motion to Stay Pending

Arbitration" (Doc. 8). Plaintiff through counsel opposes the motion.

## INTRODUCTION

After Hurricane Laura caused damage to Plaintiff, Homer Hackett's home in Lake

Charles, Louisiana, Mr. Hackett hired Defendant, VIP REI LLC ("VIP") to restore and

remodel hi master suit, including the master bedroom closet, bathroom, and to install a new

roof.[1]

Mr. Hackett, a 91-year-old Army veteran, was assured by Defendants, Sean

Thompson and Dakota, a sales representative, that they were a fully licensed and insured

residential contractor in Louisiana.[2]   Mr. Hackett later found out that VIP was not a

Louisiana licensed contractor at the time he executed the contract.[3]

Mr. Hackett filed the instant lawsuit against VIP, Thompson and Dakota under the

Louisiana Unfair Trade Practices Act, and for breach of contract, breach of good faith and

---

[1] Petition for Damages, ¶ ¶ 3 and 4, Doc. 1-2.
[2] *Id.* ¶ ¶ 5 and 6.
[3] *Id.* ¶ ¶ 20.

fair dealing, fraud and detrimental reliance.[4] Mr. Hackett alleges VIP's work was substandard, and that VIP allowed certain household fixtures, lumber, material, and supplies to be damaged, by storing it outside in the weather, after VIP induced Mr. Hackett to rent a storage container to protect these items.[5]

## LAW AND ANALYSIS

The contract Mr. Hackett signed contained an arbitration provision.  VIP moves to stay the instant case and proceed to arbitration. Mr. Hackett, through counsel argues that because VIP was not a licensed Louisiana contractor, the contract is null and void pursuant to Louisiana Revised Statute 37:2160(A)(1), and therefore the arbitration provision is not binding on the parties. In Louisiana, a construction contract made with an unlicensed contractor is an absolute nullity. *Maroulis v. Entergy Louisiana, LLC*, 2021 WL 484332, (La.App.5 Cir. 2021). Plaintiff informs the Court that VIP first obtained a valid Louisiana contractor's license on November 10, 2020, some two months after Plaintiff signed the contract with VIP.

VIP contends that the issue of arbitrability must be decided by an arbitrator, not the court. Louisiana courts look to federal law in interpreting the Louisiana Arbitration Law because it is virtually identical to the Federal Arbitration Act ("FAA"). 9 U.S.C. § § 1 *et seq. Lakeland Anesthesia, Inc. v. CIGNA Healthcare of La, Inc.*, 812 So.2d 695, 698 (La.App. 4 Cir. 2/6/02).  Federal Arbitration Act 9 U.S.C. § 2 (2006) provides:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy

---

[4] Petition for Damages, Doc. 1-2.
[5] *Id.*, ¶ ¶ 8-12.

thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

The question of arbitrability is generally one for the court to decide. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83, 123 S.Ct. 588 (2002). However, "[w]hen interstate commerce is impacted, [Louisiana courts] are required to submit the issues of error and lack of consent (and by implication issues of a similar nature, such as fraud in connection with entry into the contract at issue) to arbitration first if the parties have contracted to resort to arbitration." *New Orleans Private Patrol Service, Inc. v. Valiant Payroll,* 56 So.3d 1084 (2011) (questioning the validity of *George Engine Co., Inc. v. Southern Shipbuilding Corp.,* 350 So.2d 881 (La. 1977) and the rejection of the separability doctrine.) Here, VIP is a limited liability company based in Texas, thus interstate commerce is affected.

"[A] challenge to the validity of a contract as a whole, and not specifically to the arbitration clause within it, must go to the arbitrator, not the court. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, S.Ct. 1801, (1967). When the contract contains a broad arbitration provision, and an allegation of invalidity of the contract due to fraud in the inducement is raised, federal courts have invoked the separability doctrine. Larry E. Edmondson, Domke on commercial Arbitration § 11:1 (3rd ed. 2008) ("Domke").  In *Prima Paint Corp., supra,* the United States Supreme Court adopted the separability doctrine, based on a legal fiction that the arbitration provision is an independent contract from the main contract in which it is contained. Domke, *supra.*

Pursuant to this doctrine, the arbitration provision is treated as severable from the main agreement in which it appears, and "the issue of fraudulent inducement of the main contract, as well as other claims made by a party to a contract containing the broad arbitration agreement, go directly to arbitration, unless it is clearly shown that the parties intended to withhold such an issue from the arbitrator," Domke, *supra.* See also *Granite Rock Co. v. International Broth. of Teamsters*, 561 U.S. 287 (2010).

Here, there is a dispute between the parties as to the construction services performed by VIP. VIP contends that even though Plaintiff argues that the contract is null and void, the arbitration agreement is enforceable, and/or the enforceability of the arbitration agreement is for the arbitrator to decide. See *Priama Paint, supra*; See also *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 126 S.Ct. 1204 (2006) ("...because respondents challenge the Agreement, but not specifically its arbitration provisions, those provisions are enforceable apart from the remainder of the contract.  The challenge should therefore be considered by an arbitrator, not a court. . . a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator.")

The subject arbitration agreement states that "ANY CONTROVERSY OR CLAIM ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE ALLEGED BREACH THEREOF, SHALL FIRST BE SUBJECT TO MEDIATION.  IN THE EVENT MEDIATION IS UNSUCCESSFUL, SAID DISPUTE SHALL BE DECIDED BY BINDING ARBITRATION ADMINISTERED BY AN ARBITRATOR..."[6]

---

[6] Defendant's exhibit A, p.5.

The Court finds that under the applicable Federal Arbitration Act and the separability doctrine enunciated in *Prima Paint*, Plaintiff's claims are subject to arbitration. Accordingly,

**IT IS ORDERED** that VIP REI, LLC and Sean Thompson's Motion to Stay Pending Arbitration (Doc. 8) is hereby **GRANTED,** and this matter is **STAYED** pending arbitration.

**THUS DONE AND SIGNED** in Chambers this 5th day of June, 2023.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE